*581 OPINION.
Teusselu:
In accordance with the terms of the aforesaid letter, the decedent paid his sister $2,000 annually and has claimed a deduction of that amount from his income on the ground that the $2,000 represents the sister’s life interest in the leasehold. The record fails to disclose that Marie Brauer had any interest whatever in the original lease executed in 1904 in which the decedent was named the lessee. There is nothing in the record to show that the decedent transferred to Marie Brauer any interest in the original lease or in the sublease executed in 1912. The $2,000 annual payments were made in part settlement for her services rendered in the restaurant business and under some working agreement between the parties, but as to that, no evidence has been submitted. It would appear from the record that these payments were made for her services rendered prior to May 1, 1912, and for the purchase of whatever interest she held in the restaurant business which had been conducted by the decedent and his sister under a working agreement and which business was discontinued to enable the decedent to sublease the premises. On this issue the determination of the Commissioner in disallowing a deduction of the $2,000 in each of the years 1919 and 1920 must be approved.
The decedent has claimed a deduction of $10,000 in each of the years 1919 and 1920, on the ground that the Commissioner disallowed the deduction of those amounts by the Schick- Johnson Co. as excessive *582 compensation and taxed the company thereon. The decedent received those two amounts of $10,000 each as a part of a bonus or additional salary for each of the years and they were income in the years in which received. It is immaterial as to what action the Commissioner took as regards the Schick-Johnson Co., for that determination by the Commissioner is not before the Board in this proceeding and that corporation and this petitioner are separate entities. In the case of Hayner v. United States, 62 Ct. Cls. 189, the court said in its opinion:
It is admitted that the plaintiff received as salary .$13,195.79 and returned it as such for taxation. It does not appear that he has returned or has been called upon to return, any of it to the company. Although the Treasury Department held that a part of the sum paid him should be accounted for by the company as a dividend, this does not alter the fact that plaintiff received it as salary. Having received it as salary, he was called upon to account for it as such in his return.
The record does not disclose that there was any connection between the bonuses received and the decedent’s return of certain stock to the company during 1919. As to this issue, the determination of the Commissioner must be approved.
The decedent was entitled to a deduction for exhaustion of his leasehold interest and we have found as a fact that this deduction should be in the amount of $1,851.08 in each of the years 1919 and 1920.
Order of redetermination wUl be entered in accordance with the above decision upon W days’ notice, rmder Bule 60.